# IN THE COURT OF APPEALS OF IOWA

No. 26-0768
Filed July 22, 2026

**In the Interest of In re W.H., A.H. and J.H., Minor Children,**

**Tammy Banning,**
Appellant.

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Linda M. Fangman, Judge.

**APPEAL DISMISSED**

Tammy Banning of Assistant Juvenile Public Defender, Waterloo, attorney
for minor children.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney
General, attorneys for appellee State.

Nina M. Forcier of Forcier Law Office, P.L.L.C., Waterloo, guardian ad
litem for minor children.

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Ahlers, J.

1

**AHLERS, Judge.**

In October 2025, the juvenile court adjudicated four children to be children in need of assistance. The court issued a dispositional order in December. The court held dispositional review hearings in January and April 2026. Three of the children, through their attorney,[1] seek to appeal from the review order issued after the April hearing. But we agree with the State that the review order here is an interlocutory order, not a final appealable order. *See In re T.F.*, 972 N.W.2d 1, 8 (Iowa 2022) ("We have stated in the context of juvenile matters that an order that is not a final decision is interlocutory."). That is because the review order did not dispose of all the issues, and it is clear that the juvenile "court intends to do something further to signify its final adjudication of the case." *In re T.R.*, 705 N.W.2d 6, 10 (Iowa 2005) (citation omitted); *cf. In re K.B.*, 753 N.W.2d 14, 15 (Iowa 2008) (reviewing appeal from a dispositional review order when that order transferred custody of the minor child).

Though the order at issue is interlocutory, we treat the notice of appeal and corresponding petition on appeal as an application for interlocutory appeal. Iowa R. App. P. 6.151(1). An application for interlocutory appeal may be granted upon a finding that "the challenged ruling or order involves substantial rights and will materially affect the final decision and that a determination of its correctness before trial on the merits will better serve the interests of justice." Iowa R. App. P. 6.104(2). The children do not explain how that standard is satisfied. Nor is it readily apparent to us how the issues raised in the children's petition on appeal would satisfy this standard. So we decline to grant an interlocutory appeal and dismiss the appeal.

**APPEAL DISMISSED.**

---

[1] The juvenile court bifurcated the roles of guardian ad litem and attorney for all four children.